UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

——————————————————————— X

UNITED STATES OF AMERICA,　　　　　　　Case No. 18-cv-3915

　　　　*Plaintiff*,

　　　　v.

TRUSTEE of the ANENEN FAMILY TRUST
and TREASURER OF LAKE COUNTY,
ILLINOIS,

　　　　*Defendants*.

——————————————————————— X

## COMPLAINT

The United States of America, pursuant to Sections 7401 and 7403 of Title 26 of the United States Code, with the authorization and at the request of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, brings this civil action to enforce federal tax liens against a certain parcel of real property, identified below. In support of this action, the United States alleges as follows:

### Jurisdiction, Venue, and Parties

1.　　　Jurisdiction over this action is conferred upon this Court by Sections 1340 and 1345 of Title 28 of the United States Code and Sections 7402 and 7403 of Title 26 of the United States Code (the "Internal Revenue Code").

2.　　　Venue is proper in this Court pursuant to Sections 1391(b) and 1396 of Title 28 of the United States Code because the real property that is the subject of this action is situated in Lake County, Illinois, in this judicial district.

3.      On information and belief, the Anenen Family Trust is a trust, the principal place of business of which is 19 Riderwood Road, North Barrington, Illinois 60010.

4.      Defendant Trustee is the trustee of the Anenen Family Trust. The identity of Defendant Trustee is currently unknown to the United States.

5.      The property that is the subject of this action (the "Property") is legally described as:

> PARCEL I:
>
> LOT 20-B IN WYNSTONE, BEING A SUBDIVISION OF PART OF THE SOUTHWEST ¼ OF SECTION 6, TOWNSHIP 43 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN; PART OF THE WEST ½ OF SECTION 7, TOWNSHIP 43 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN; PART OF SECTION 12, TOWNSHIP 43 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN; AND ALSO THE SOUTIIEAST ¼ OF SOU1HEAST ¼ OF SECTION 1, TOWNSHIP 43 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED DECEMBER 17, 1987 AS DOCUMENT 2641114, AND CORRECTED BY CERTIFICATE OF CORRECTION RECORDED JANUARY 4, 1988 AS DOCUMENT 2645684, AND CORRECTED BY CERTIFICATE OF CORRECTION RECORDED JANUARY 19, 1988 AS DOCUMENT 2649586, AND CORRECTED BY CERTIFICATE OF AMENDMENT RECORDED JUNE 27, 1988 AS DOCUMENT 2695215 AND FURTHER CORRECTED BY CERTIFICATE OF AMENDMENT RECORDED SEPTEMBER 16, 1988 AS DOCUMENT 2722059, IN LAKE COUNTY, ILLINOIS.
>
> PARCEL II:
>
> EASEMENT FOR INGRESS AND EGRESS OVER THE PRIVATE ROADS FOR THE BENEFIT OF THE ABOVE MENTIONED DESCRIPTION AS SHOWN ON THE PLAT OF WYNSTONE RECORDED 2641114 AND AS CREATED BY INSTRUMENT RECORDED DECEMBER 17, 1987 AS DOCUMENT 2641113.
>
> PIN: 14-07-101-003

Common Address: 19 Riderwood Road, North Barrington, IL 60010

6.      The Anenen Family Trust is the titleholder of the Property.

**Enforcement of Federal Tax Liens**

7.      On or about May 3, 2006, Eastern Savings Bank, FSB recorded two mortgages with the Lake County Recorder of Deeds against Duane D. Hansen and Kathleen M. Hansen. The mortgages were secured by property, including the Property.

8.      On the dates and in the amounts shown below, a delegate of the Secretary of the Treasury made the following tax assessments against Duane D. Hansen:

| Type of tax | Tax period ending | Date of assessment | Amount of assessment |
|---|---|---|---|
| Trust fund recovery (26 U.S.C. § 6672) | 12/31/2005 | 06/16/2008 | $36,822.35 |
| Trust fund recovery (26 U.S.C. § 6672) | 6/30/2006 | 06/16/2008 | $24,651.38 |
| Trust fund recovery (26 U.S.C. § 6672) | 9/30/2006 | 06/16/2008 | $27,133.32 |
| Trust fund recovery (26 U.S.C. § 6672) | 12/31/2006 | 06/16/2008 | $42,136.86 |
| Trust fund recovery (26 U.S.C. § 6672) | 3/31/2007 | 06/16/2008 | $28,116.78 |
| Trust fund recovery (26 U.S.C. § 6672) | 6/30/2007 | 06/16/2008 | $23,636.08 |
| Federal income tax (IRS Form 1040) | 12/31/2007 | 05/04/2009 | $93,268.00 |

9.      Despite notice and demand from a delegate of the Secretary of the Treasury, Duane D. Hansen failed to pay the federal tax liabilities described in paragraph 8 in full. As of March 1, 2018, the amount owed to the United States in respect of these liabilities was $357,272.96.

10.      Section 6321 of the Internal Revenue Code provides that if a person liable for federal tax neglects or refuses to pay the amount due, then that amount, including interest and

penalties, "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

11.     At the time of the assessments described in paragraph 8, Duane D. Hansen owned an interest in the Property.

12.     On or about August 4, 2009, the Internal Revenue Service filed two notices of federal tax lien with the Lake County Recorder of Deeds in respect of the federal tax liabilities described in paragraph 8.

13.     On or about September 14, 2009, Eastern Savings Bank filed a foreclosure action with respect to its mortgage on the Property with the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois (the "Foreclosure Suit").  The Foreclosure Suit was assigned case number 09 CH 3923.

14.     On or about December 16, 2011, the court entered a judgment of foreclosure as to the Property in the Foreclosure Suit.

15.     Pursuant to the judgment of foreclosure, the Property was sold to Eastern Savings Bank.

16.     The United States was not named as a party in the Foreclosure Suit.

17.     Section 7425(a) of the Internal Revenue Code provides that if the United States is not joined in an action for foreclosure, a judgment in such action or a judicial sale pursuant to such a judgment "shall be made subject to and without disturbing the lien of the United States," so long as the notice of such lien was property filed at the time the suit or action commenced.

18.     Because the United States was not named as a party to the Foreclosure Suit, and because the United States' lien was properly filed prior to the commencement of the action, the

judgment of foreclosure did not disturb the United States' lien on the Property, and the sale to Eastern Savings Bank was made subject to the United States' lien on the Property.

19.     On or about July 11, 2012, Eastern Savings Bank assigned its interest in the Property to its subsidiary, Gecko Realty.

20.     The assignment of an interest in the Property to Gecko Realty was made subject to the United States' lien.

21.     On or about October 2, 2013, Gecko Realty conveyed the Property to Steven and Margaret Anenen by special warranty deed.

22.     The conveyance of the Property to Steven and Margaret Anenen was made subject to the United States' lien.

23.     On or about November 18, 2013, Steven and Margaret Anenen conveyed the Property to the Anenen Family Trust by quitclaim deed.

24.     The conveyance of the Property to the Anenen Family Trust was made subject to the United States' lien.

25.     Pursuant to Section 7403 of Title 26 of the United States Code, the United States is entitled to enforce its lien upon the Property; to have the Property sold by an officer of the Court free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption; and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and owing, as permitted by Section 6323(b)(6) of Title 26 of the United States Code, to the United States in an amount equal to the balance of the relevant federal tax liabilities of Duane D. Hansen, including statutory additions (including interest pursuant to Sections 6601, 6621, and 6622 of Title 26 of the United States Code), with the remainder distributed to the Anenen Family Trust, or as otherwise determined by the Court.

WHEREFORE, the plaintiff United States of America prays that the Court:

A.      Determine that the Property remains subject to the United States' federal tax liens;

B.      Enforce the federal tax liens with a judicial sale of the Property, free and clear of all rights, title, liens, claims, and interests of the parties, including any rights of redemption, and a distribution of the proceeds, after the payment of the costs of sale and any real estate taxes due and owing under Section 6323(b)(6) of Title 26 of the United States Code, to the United States of America in an amount equal to the balance of the relevant federal tax liabilities of Duane D. Hansen, including statutory additions (including interest pursuant to Sections 6601, 6621, and 6622 of Title 26 of the United States Code), with the remainder distributed to the Anenen Family Trust, or as otherwise determined by the Court; and

C.      Grant the United States such other and further relief, including costs of this action, as the Court deems just and equitable.


                                        Respectfully submitted,

Date: June 5, 2018                      RICHARD E. ZUCKERMAN
                                        Principal Deputy Assistant Attorney General
                                        Tax Division, U.S. Department of Justice

                            By:     */s/ Arie M. Rubenstein*
                                        ARIE M. RUBENSTEIN
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 55
                                        Washington, D.C.  20044
                                        202-307-6588 (v)
                                        202-514-5238 (f)
                                        Arie.M.Rubenstein@usdoj.gov

Local counsel:

JOHN R. LAUSCH, JR.
United States Attorney
Northern District of Illinois

By:    */s/ Scott Heffron*
SCOTT HEFFRON
Assistant United States Attorney
219 S. Dearborn Street, 5th Floor
Chicago, Illinois  60604
312-886-4190 (v)
Scott.Heffron@usdoj.gov